**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

JEFFERY HICKS,

     Plaintiff,

v.

JONATHAN ROSARIO, VIDAL
RIVERA #670, and JEFFREY
KOSTOPLIS #113,

     Defendants.

1:19-cv-16872-NLH-AMD

**MEMORANDUM**
**OPINION & ORDER**

---

**APPEARANCES:**

JEFFERY HICKS
2011 FERRY AVENUE
APT. W-5
CAMDEN, NJ 08104

    *Plaintiff appearing pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Jeffery Hicks, appearing *pro se*, filed a complaint against Defendants, claiming that on June 19, 2018 he was riding his bicycle on Sayers Avenue in Camden, New Jersey, and after he was run off the road and crashed into a parked car, Defendants attacked him as he was trying to get up; and

    WHEREAS, Plaintiff claims that he is entitled to $500,000 in damages; and

    WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP"

application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, it appears that Plaintiff's complaint is sufficient to satisfy the § 1915 IFP screening process; but

WHEREAS, federal courts have an independent obligation to

address issues of subject matter jurisdiction *sua sponte* and may

do so at any stage of the litigation, <u>Zambelli Fireworks Mfg.</u>

<u>Co., Inc. v. Wood</u>, 592 F.3d 412, 418 (3d Cir. 2010); <u>Lincoln</u>

<u>Ben. Life Co. v. AEI Life, LLC</u>, 800 F.3d 99, 104 (3d Cir. 2015)

(citations omitted); and

WHEREAS, Plaintiff avers that this Court has jurisdiction

over this matter because it presents a federal question under 28

U.S.C. § 1331; but

WHEREAS, Plaintiff's claims do not appear to implicate any

federal law or federal defendant that would confer this Court's

jurisdiction over his case under § 1331[1]; and

WHEREAS, to the extent that Plaintiff would base this

Court's subject matter jurisdiction under 28 U.S.C. § 1332,

diversity jurisdiction, it does not appear that diversity of

citizenship can be established because Plaintiff's complaint

lists all three Defendants as residing in Camden, New Jersey,

and Plaintiff is also a resident of Camden, New Jersey[2];

---

[1] Although not explicitly stated in the complaint, it appears
that Plaintiff may be attempting to assert claims against Camden
County police officers.  If he is, Plaintiff must properly
identify Defendants and state a legal basis for his claims such
that they arise under federal law and establish subject matter
jurisdiction under § 1331.

[2] A person's state of citizenship, rather than their residence,
is controlling for purposes of diversity jurisdiction under §
1332(a).  See <u>Lincoln Benefits</u>, 800 F.3d at 104 ("For over two
hundred years, [28 U.S.C. § 1332(a)] has been understood as
requiring complete diversity between all plaintiffs and all
defendants, . . . [which] means that . . . no plaintiff [may] be

THEREFORE,

IT IS on this __22nd__ day of __August__ , 2019

ORDERED that Plaintiff's IFP application (Docket No. 1-1) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend his complaint to properly cure the deficiencies noted above.  If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).


                                    s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

a citizen of the same state as any defendant.").  If New Jersey is not the citizenship of Plaintiff or all three Defendants despite New Jersey being their place of residence, Plaintiff must aver the state of citizenship for each party to demonstrate that Plaintiff's citizenship is different from the citizenship of all three Defendants.