UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JEFFERY HICKS,

    Plaintiff,

v.

JONATHAN ROSARIO, VIDAL RIVERA #670, and JEFFREY KOSTOPLIS #113,

    Defendants.

1:19-cv-16872-NLH-AMD

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

JEFFERY HICKS
2011 FERRY AVENUE
APT. W-5
CAMDEN, NJ 08104

    *Plaintiff appearing pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Jeffery Hicks, appearing *pro se*, filed a complaint against Defendants, claiming that on June 19, 2018 he was riding his bicycle on Sayers Avenue in Camden, New Jersey, and after he was run off the road and crashed into a parked car, Defendants attacked him as he was trying to get up; and

    WHEREAS, Plaintiff claims that he is entitled to $500,000 in damages; and

    WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP"

application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, on August 22, 2019, the Court granted Plaintiff's IFP application, but found that Plaintiff's complaint did not establish this Court's subject matter jurisdiction because: (1)

Plaintiff's claims do not appear to implicate any federal law or federal defendant that would confer this Court's jurisdiction over his case under § 1331[1]; and (2) to the extent that Plaintiff would base this Court's subject matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, it does not appear that diversity of citizenship can be established because Plaintiff's complaint lists all three Defendants as residing in Camden, New Jersey, and Plaintiff is also a resident of Camden, New Jersey[2]; and

WHEREAS, the Court provided Plaintiff with twenty days to file an amended complaint that properly alleged this Court's subject matter jurisdiction, but noted that if Plaintiff failed to do so, the action would be dismissed for lack of subject

---

[1] Although not explicitly stated in the complaint, it appears that Plaintiff may be attempting to assert claims against Camden County police officers.  If he is, Plaintiff must properly identify Defendants and state a legal basis for his claims such that they arise under federal law and establish subject matter jurisdiction under § 1331.

[2] A person's state of citizenship, rather than their residence, is controlling for purposes of diversity jurisdiction under § 1332(a).  See Lincoln Benefits, 800 F.3d at 104 ("For over two hundred years, [28 U.S.C. § 1332(a)] has been understood as requiring complete diversity between all plaintiffs and all defendants, . . . [which] means that . . . no plaintiff [may] be a citizen of the same state as any defendant.").  If New Jersey is not the citizenship of Plaintiff or all three Defendants despite New Jersey being their place of residence, Plaintiff must aver the state of citizenship for each party to demonstrate that Plaintiff's citizenship is different from the citizenship of all three Defendants.

matter jurisdiction, see Fed. R. Civ. P. 12(h)(3); and

WHEREAS, Plaintiff's amended complaint was due on September 11, 2019, but Plaintiff failed to submit an amended complaint;

THEREFORE,

IT IS on this  18th  day of  September , 2019

ORDERED that Plaintiff's complaint be, and the same hereby is, dismissed for lack of subject matter jurisdiction.


At Camden, New Jersey

 s/ Noel L. Hillman 
NOEL L. HILLMAN, U.S.D.J.